## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ROBERT WILHELM,

        Plaintiff,

    v.

MILLENDO THERAPEUTICS, INC.,
CAROLE L. NUECHTERLEIN,
JAMES M. HINDMAN, GEOFF
NICHOL, CAROL G. GALLAGHER,
JULIA C. OWENS, LOUIS J.
ARCUDI III, and JOHN HOWE, III,

        Defendants.

Case No.

**COMPLAINT FOR
VIOLATION OF THE
FEDERAL SECURITIES LAWS**

**JURY TRIAL DEMANDED**

       Plaintiff Robert Wilhelm ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE AND SUMMARY OF THE ACTION

       1.    This is an action brought by Plaintiff against Millendo Therapeutics, Inc. ("Millendo" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9,

17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Millendo will merge with Tempest Therapeutics, Inc. ("Tempest") through Millendo's subsidiary Mars Merger Corp. ("Merger Sub") (the "Proposed Transaction").

2.      On March 29, 2021, Millendo and Tempest issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated March 29, 2021 (the "Merger Agreement").   Under the terms of the Merger Agreement, upon closing of the merger, Millendo stockholders will own approximately 18.5% of the outstanding shares of the combined company and former Tempest stockholders will own approximately 81.5% of the outstanding shares of the combined company.

3.      On April 13, 2021, Millendo filed a Form S-4 Registration Statement (as amended on May 4, 2021, the "Registration Statement") with the SEC.   The Registration Statement, which recommends that Millendo stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the Company's and Tempest's financial projections and the financial analyses supporting the fairness opinion provided by the Board's financial advisor, SVB Leerink LLC ("SVB Leerink"); and (ii) potential conflicts of interest faced by SVB Leerink.   Defendants authorized the issuance of

the false and misleading Registration Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.    In short, unless remedied, Millendo's public stockholders will be irreparably harmed because the Registration Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting decision on the Proposed Transaction.   Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.    This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable

conduct took place, where most of the documents are electronically stored, and where the evidence exists.  Millendo is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District.

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Millendo.

9.     Defendant Millendo is a Delaware corporation with its principal executive offices located at 110 Miller Avenue, Suite 100, Ann Arbor, Michigan 48104.   It is a biopharmaceutical company previously primarily focused on developing novel treatments for endocrine diseases.  Millendo's common stock trades on the NASDAQ Global Select Market under the ticker symbol "MLND."

10.     Defendant Carole L. Nuechterlein ("Nuechterlein") has been a director of the Company since March 2017.

11.     Defendant James M. Hindman ("Hindman") has been a director of the Company since June 2016.

12.     Defendant Geoff Nichol ("Nichol") has been a director of the Company since December 2019.

13.     Defendant Carol G. Gallagher ("Gallagher") has been a director of the Company since September 2012.

14.     Defendant Julia C. Owens ("Owens") has been Executive Chair of the Board since February 1, 2021 and a director of the Company since its inception in 2012.  Defendant Owens previously served as the Company's President and Chief Executive Officer ("CEO") until January 31, 2021.

15.     Defendant Louis J. Arcudi III ("Arcudi") has been CEO, President, Principal Executive Officer, and a director of the Company since February 1, 2021.

16.     Defendant John Howe, III ("Howe") has been a director of the Company since June 2015.

17.     Defendants identified in paragraphs 10-16 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

18.     Tempest is a clinical-stage oncology company focused on leveraging its scientific understanding of cancer biology and medicinal chemistry to develop and advance novel orally available therapies for the treatment of solid tumors. Tempest is advancing TPST-1495 and TPST-1120, two product candidates in clinical trials that it believes are the first clinical stage molecules designed to treat their respective targets; and a third program in preclinical studies that could be the first to target the three prime repair exonuclease ("TREX-1"), a key cellular enzyme that regulates the innate immune response in tumors.  TPST-1495 is a dual antagonist of EP2 and EP4, receptors of prostaglandin E2, and is currently in a Phase 1 trial in

solid tumors.  Tempest's second program, TPST-1120, is a selective antagonist of peroxisome proliferator-activated receptor alpha, or PPARα, and is also in a Phase 1 trial in solid tumors.  Tempest expects to report initial data from both these programs in the second half of 2021.  Additionally, Tempest is advancing a third program targeting TREX-1, for which Tempest expects to select a development candidate by the end of 2021.

19.    Merger Sub is a direct, wholly owned subsidiary of Millendo.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

20.    Millendo is a biopharmaceutical company that was previously primarily focused on developing novel treatments for endocrine diseases where current therapies do not exist or are insufficient.  The endocrine system is a collection of glands that secrete hormones into the blood stream to regulate a number of functions, including appetite, metabolism, growth, development and reproduction. Diseases of the endocrine system can cause multiple and varied symptoms, including appetite dysregulation, metabolic dysfunction, obesity, cardiovascular disease, menstrual irregularity, hirsutism, and infertility.

21.    In April 2020, the Board decided to discontinue the development of livoletide, an unacylated ghrelin analogue, as a potential treatment for Prader-Willi syndrome ("PWS") based upon results from its Phase 2b trial.  In addition, in June

2020, the Board decided to cease investing in the development of nevanimibe as a potential treatment for classic congenital adrenal hyperplasia, ("CAH") based on an interim review of data from its Phase 2b trial.  Finally, in January 2021, the Board also decided to discontinue the investment in MLE-301, a neurokinin 3 receptor ("NK3R") antagonist Millendo was developing for the treatment of menopausal vasomotor symptoms ("VMS"), based on an analysis of the pharmacokinetic and pharmacodynamic data from the ongoing single ascending dose portion of the Phase 1 study conducted in healthy male volunteers.  Given Millendo's limited expected financing options, it began exploring an expanded range of strategic alternatives that included, but was not limited to, the potential sale or merger of Millendo or its assets.

**The Proposed Transaction**

22.     On March 29, 2021, Millendo and Tempest issued a joint press release announcing the Proposed Transaction.  The press release states, in relevant part:

> SOUTH SAN FRANCISCO, Calif. & ANN ARBOR, Mich.---- Tempest Therapeutics, Inc. ("Tempest"), a privately-held clinical-stage oncology company developing potentially first-in-class therapeutics that combine both targeted and immune-mediated mechanisms, and Millendo Therapeutics, Inc. (Nasdaq: MLND) ("Millendo"), announced today that they have entered into a definitive agreement under which Millendo will merge with Tempest in an all-stock transaction.  The combined company will focus on advancing Tempest's oncology pipeline of small molecule therapeutics that have the potential to address a wide range of tumors.  Upon shareholder approval, the combined company is expected to operate under the name Tempest Therapeutics and trade on the Nasdaq Capital Market under the ticker symbol TPST.

In support of the merger, Tempest has secured commitments from a premier syndicate of healthcare investors comprised of Versant Ventures, Rock Springs Capital, F-Prime Capital, Monashee Investment Management, Quan Capital, Lyfe Capital, Maven Investment Partners US, Lilly Asia Ventures and Eight Roads Ventures for a $30 million PIPE financing that is expected to close concurrent with the completion of the merger.  Together with the cash expected from both companies at closing, the net proceeds of the merger and financing are expected to fund the further development of Tempest's three oncology programs and operate the company into early 2023. The financing and merger are expected to close in the first half of 2021.

"We are very pleased to announce this proposed merger with Millendo Therapeutics, which will facilitate the advancement of our broad pipeline of targeted oncology programs, including TPST-1495 and TPST-1120, which are both progressing in the clinic with encouraging early signs of clinical benefit," said Tom Dubensky, Ph.D., chief executive officer of Tempest.  "Together with our recently announced clinical collaboration with Roche to investigate TPST-1120 in a randomized frontline hepatocellular carcinoma study, this has been a highly productive quarter for Tempest that sets the stage for additional potential catalysts from our proprietary oncology programs.   The transition of Tempest to a public company enhances our ability to fund these potentially important product candidates, as well as consider additional programs with exciting new targets."

Tempest's oncology pipeline is led by two clinical programs, TPST-1495 and TPST-1120, with broad potential across multiple tumor types. TPST-1495 is an antagonist selective for two receptors in the prostaglandin (PGE2) pathway, EP2 and EP4, which promote both tumor growth and the proliferation of suppressive immune cell populations.  Tempest is currently evaluating the safety, tolerability, pharmacokinetics, pharmacodynamics, and preliminary anti-tumor activity of TPST-1495 in a multicenter Phase 1a/1b dose and schedule optimization study in patients with advanced solid tumors, with a focus on known prostaglandin-driven tumors such as colorectal cancer, lung adenocarcinoma and urothelial cancer.  Tempest expects to report topline data from this study prior to the end of 2021, as well as data from planned monotherapy dose expansion and combination studies in 2022.   TPST-1120 is designed to be a selective antagonist of

proliferator-activated receptor alpha (PPARα) which is a transcription factor that regulates the expression of target genes that promote angiogenesis and enable a cellular metabolic pathway known as fatty acid oxidation. TPST-1120 has completed monotherapy dose escalation and is progressing through a combination dose escalation study with nivolumab.  This summer, Tempest expects F. Hoffmann-La Roche Ltd to initiate a global, randomized Phase 1b/2 clinical study in combination with the standard-of-care first-line regimen of atezolizumab and bevacizumab in patients with advanced or metastatic HCC not previously treated with systemic therapy, pursuant to a recently announced collaboration between the companies.  Tempest expects to report topline data from this study by year-end 2022.

"Millendo Therapeutics' strategic review was a thorough and thoughtful process.  We believe we have found a partner that offers not only the greatest value for our existing shareholders but also promising targeted oncology product candidates for patients living with cancer," said Louis Arcudi, chief executive officer of Millendo.

About the Proposed Merger

Millendo stockholders are expected to own approximately 18.5% of the combined company and pre-merger Tempest stockholders will own approximately 81.5% of the combined company. The percentage of the combined company that Millendo's stockholders will own as of the close of the transaction is subject to adjustment based on the amount of Millendo's net cash at the closing date.

Upon closing of the transaction, Millendo will be renamed Tempest Therapeutics, Inc. and will be headquartered in South San Francisco, CA.  Stephen Brady and Tom Dubensky, Ph.D., will serve as chief executive officer and president, respectively, of the combined company.  The merger agreement provides that the Board of Directors of the combined company will be comprised of seven members.  The merger agreement has been approved by the Board of Directors of each company, and the transaction is expected to close in the first half of 2021, subject to approvals by the stockholders of each company, the effectiveness of a registration statement filed with the U.S. Securities and Exchange Commission to register the shares of Millendo common

stock to be issued in connection with the merger, the completion of a PIPE financing, and other customary closing conditions.

SVB Leerink is serving as the exclusive financial advisor to Millendo and WilmerHale is serving as legal counsel.  Piper Sandler is serving as the exclusive financial advisor to Tempest and Sidley Austin is serving as legal counsel.

## **Insiders' Interests in the Proposed Transaction**

23.    Millendo insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Millendo.

24.    Notably, certain Company insiders have secured positions for themselves with the combined company.   Specifically, defendant Nichol will continue as a director of the combined company after the effective time of the merger.

25.    Moreover, if they are terminated in connection with the Proposed Transaction, Millendo's named executive officers stand to receive substantial cash severance payments as set forth in the following table:

| | Golden Parachute Compensation(6) | | |
| | Cash(3) | Equity(4) | COBRA Benefits(5) | Total |
| --- | --- | --- | --- | --- |
| Louis J. Arcudi III | $880,000 | — | $ 34,059 | $914,059 |

## **The Registration Statement Contains Material Misstatements or Omissions**

26.     Defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to Millendo's stockholders. The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

27.     Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's and Tempest's financial projections and the financial analyses supporting the fairness opinion provided by the Board's financial advisor, SVB Leerink; and (ii) potential conflicts of interest faced by SVB Leerink.

***Material Omissions Concerning the Company's and Tempest's Financial Projections and SVB Leerink's Financial Analyses***

28.     The Registration Statement omits material information regarding the Company's and Tempest's financial projections.

29.     The Registration Statement sets forth, "[i]n connection with rendering the opinion described above and performing its related financial analyses, SVB Leerink reviewed . . . certain internal information, primarily related to expense forecasts, furnished to SVB Leerink by the managements of Millendo and Tempest, respectively, and approved for SVB Leerink's use by Millendo[.]" Registration Statement at 118-119. The Registration Statement fails, however, to disclose any

financial projections for Millendo or Tempest, including the expense forecast utilized by SVB Leerink, and provided by Millendo and Tempest management. The Registration Statement further fails to disclose SVB Leerink's basis for attributing an equity value of $158,400,000 to Tempest, inclusive of $30,000,000 in committed concurrent financing by new and existing investors. *Id.* at 120.

30. In addition, according to the Registration Statement, the Board believes the Proposed Transaction "is more favorable to Millendo Stockholders than the potential value that might have resulted from other strategic alternatives available to Millendo, including a liquidation of Millendo and the distribution of any available cash[.]" *Id.* at 113. Yet, the Registration Statement fails to disclose any liquidation analysis for Millendo or quantification of the projected cash available to Millendo stockholders in a liquidation.

31. The Registration Statement describes SVB Leerink's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of SVB Leerink's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Millendo's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on SVB Leerink's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

- 12 -

32.    With respect to SVB Leerink's *Tempest Therapeutics Valuation Analysis – Selected Biopharma Initial Public Offering Step-Ups*, *Tempest Therapeutics Valuation Analysis – Selected Biopharma Initial Public Offerings*, and *Tempest Therapeutics Valuation Analysis – Selected Biopharma Public Companies*, the Registration Statement fails to disclose SVB Leerink's basis for selecting the companies observed, including with respect to the individual companies' financial and operating characteristics.

33.    With respect to SVB Leerink's *Tempest Therapeutics Valuation Analysis – Selected Biopharma Public Companies*, the Registration Statement fails to disclose: (i) the fully-diluted outstanding shares utilized; and (ii) SVB Leerink's basis for applying a 25% liquidity discount.

34.    Without such undisclosed information, Millendo stockholders cannot evaluate for themselves whether the financial analyses performed by SVB Leerink were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction.  In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which SVB Leerink's opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction.

35.    The omission of this material information renders the statements in the "Opinion of Millendo's Financial Advisor" and "Millendo Reasons for the Merger" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning SVB Leerink's Potential Conflicts of Interest***

36.    The Registration Statement fails to disclose material information concerning the potential conflicts of interest faced by SVB Leerink.

37.    The Registration Statement states:

> SVB Leerink LLC is a full-service securities firm engaged in securities trading and brokerage activities as well as investment banking and financial advisory services. SVB Leerink has provided certain investment banking services to Millendo from time to time, for which it has received compensation. In the ordinary course of business, SVB Leerink and its affiliates may, in the future, provide commercial and investment banking services to Millendo, Tempest or their respective affiliates and would expect to receive customary fees for the rendering of such services.

*Id.* at 124.   Yet, the Registration Statement fails to disclose the details of the investment banking services SVB Leerink provided to Millendo, and the related compensation received.   The Registration Statement further fails to disclose the details of any services SVB Leerink provided to Tempest or its affiliates in the previous two years, including the timing and nature of any services provided, as well as the related compensation SVB Leerink received or expects to receive for any services provided.

38.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

39.     The omission of this information renders the statements in the "Opinion of Millendo's Financial Advisor" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

40.     The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement.   Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Millendo stockholders will be unable to make an informed decision whether to vote in favor of the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

41.     Plaintiff repeats all previous allegations as if set forth in full.

42.     During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which

they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

43.    By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement.  The Registration Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the Company's and Tempest's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by SVB Leerink, and potential conflicts of interest faced by SVB Leerink.  The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

44.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

45.    By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

46.    Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.   Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for Violations of
Section 20(a) of the Exchange Act**

47.    Plaintiff repeats all previous allegations as if set forth in full.

48.    The Individual Defendants acted as controlling persons of Millendo within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Millendo, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

49.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised

the same.    The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Registration Statement.

51.    In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

52.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Millendo's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Millendo, and against

defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Millendo stockholders;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 7, 2021

**WEISSLAW LLP**

By  /s/ *Richard A. Acocelli*

Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*